IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| W.G. YATES & SONS CONSTRUCTION CO., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:04-CV-00664-WKW |
| ) | |
| ARD CONTRACTING, INC., ) | |
| SANDERS-HYLAND CORPORATION, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is an Amended Petition to Compel Arbitration (Doc. # 10), which is due to be granted for the reasons stated herein.

**I. BACKGROUND**

On July 7, 2004, W. G. Yates & Sons Construction Company ("Yates"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, filed its original petition to compel arbitration against Ard Contracting, Inc. ("Ard"), and Sanders-Hyland Corporation ("Sanders"). An amended petition (Doc. # 10) was filed on November 16, 2004. Yates seeks an order compelling Ard and Sanders to arbitrate all claims and disputes between the parties. (Doc. # 10.) Claims and disputes arise out of Yates's subcontracts with Ard and Sanders. (*Id*. ¶¶ 6-9.) Section 30.0 of both subcontacts provides that "All claims, disputes, or matters in controversy or in question between the Contractor and the Subcontractor shall be decided by binding arbitration, unless the Contractor, in its sole discretion, elects to have the claim, dispute or matter in controversy decided by a court of competent jurisdiction." (*Id*. ¶ 10; Gibson Aff., Ex. A.) Ard and Sanders have not submitted to Yates's May 23, 2003 demand for arbitration. (Doc. # 10, ¶ 11.)

Sanders responded (Doc. # 13) to the petition to compel arbitration.  Ard responded and filed a third-party complaint (Doc. # 16) against Concrete Cable Structures, Inc. ("CCS").[1]  CCS answered (Doc. # 25) and amended its answer (Doc. # 36).  By order (Doc. # 12) dated November 18, 2004, the petition to compel arbitration was set for final submission on March 14, 2005.  Evidentiary submissions were timely submitted by Yates (Doc. # 34) and Sanders (Doc. # 35).  Briefs were also filed by Yates (Doc. # 41), Ard (Doc. # 49), and Sanders (Doc. # 50).  Yates filed a reply brief (Doc. # 52).  Ard filed another brief and an evidentiary submission (Doc. # 59) out of time.  Also before the court are Yates's Motion to Strike Ard's late-filed objection (Doc. # 60) and Yates's Motion for Order on Petition to Compel Arbitration (Doc. # 58).

## II.  JURISDICTION AND VENUE

Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## III.  LEGAL STANDARD

The Federal Arbitration Act ("the FAA") makes enforceable a written arbitration provision in a "contract evidencing a transaction involving commerce."  9 U.S.C. § 2.  "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements."  *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  The legislative history makes clear that the purpose of the FAA was to overcome long-standing judicial hostility to arbitration agreements and to enforce such agreements.  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,*

---

[1] P.T. Systems, Inc., was also named as a third-party defendant but was later dismissed.  (Doc. # 22.)

*Inc.*, 473 U.S. 614, 625 n.14 (1985); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219-20 n.6 (1985).

The FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another party to arbitrate under a written agreement for arbitration may petition [the court] . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Section 4 further provides that, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. The FAA provides that, if a lawsuit in federal court has been brought "upon any issue referable to arbitration under an agreement in writing for such arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."   9 U.S.C.A. § 3.

## IV.  DISCUSSION

Ard and Sanders oppose the petition to compel arbitration on several grounds: the FAA is not applicable, the subcontracts and their arbitration provisions are unconscionable, any claims that Yates may have had are barred by the statute of limitations, any warranties under the subcontracts have expired, and Yates waived its right to arbitrate   The court will discuss these issues in turn.

*A.*     *Applicability of the FAA*

As a threshold matter, the court first addresses Sanders's argument that the FAA does not apply to the arbitration provision at issue because  "[t]he subcontracts between Yates and [Sanders] and work performed by [Sanders] . . . do not involve interstate commerce, and therefore are not governed by the FAA."  (Doc. # 50, at 7.)  The court finds that the FAA is applicable.

3

An arbitration clause in "a contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable." 9 U.S.C. § 2. "Involving commerce" is the functional equivalent of "affecting commerce." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273 (1995). Thus, the FAA provides "for the enforcement of arbitration agreements within the full reach of the Commerce Clause." *Perry v. Thomas*, 482 U.S. 483, 490 (1987). A transaction need not be "in commerce," nor must the transaction itself have a "substantial effect on interstate commerce." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). For the arbitration clause to be enforceable, the transaction at issue need only have, in fact, involved interstate commerce. *Allied-Bruce Terminix Cos.*, 513 U.S. at 281.

The transaction at issue here has in fact involved interstate commerce. Yates is a Mississippi corporation that contracted with Ard and Sanders, Alabama corporations, to construct condominiums in Alabama. The subcontracts were executed in Mississippi. Payments for work performed pursuant to the subcontracts were mailed from Mississippi. Some of the construction materials were purchased outside of Alabama. The payment and performance bonds secured by Ard and Sanders were issued by Nebraska and Maryland companies. *See Allied-Bruce Terminix Co.*, 513 U.S. at 282 (finding transaction did, in fact, involve interstate commerce where company's business was multistate in nature and the materials used came from outside the forum state). Therefore, the FAA is applicable to this dispute.

B.     *Unconscionability of Arbitration Provision Is Question of Arbitrability*

In this case, Ard and Sanders do not dispute the existence of an agreement to arbitrate all disputes arising out of the subcontracts. Instead, Sanders asserts that both the subcontracts and the arbitration provisions are unconscionable and consequently unenforceable.

4

Despite the presumption favoring arbitration, the FAA prohibits the enforcement of an arbitration clause that is invalid "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2. Because "arbitration clauses [are] separable from the contracts in which they [are] included," *John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003), the court must confine its validity analysis to the arbitration agreement itself. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (holding "that in passing upon a § 3 application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate."). "[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005).

Whether the subcontracts are valid contracts is a question for the arbitrator, *see John B. Goodman Ltd. P'ship*, 321 F.3d at 1095, but the court must determine whether the arbitration clause is valid. The arbitration provision states that "[a]ll claims, disputes, or matters in controversy or in question between the Contractor and the Subcontractor shall be decided by binding arbitration, unless the Contractor, in its sole discretion, elects to have the claim, dispute or matter in controversy decided by a court of competent jurisdiction." (Doc. # 50, at 5 n.16.)

Sanders claims that "the arbitration provision itself is one-sided, oppressive and substantively unconscionable in that it requires [Sanders] to arbitrate but allows Yates to resolve its claims in a court of law, lacking mutuality of remedy, and is unusually broad in scope and application." (Doc. # 50, at 5.) In support of its unconscionability argument, Sanders merely states: "Clearly there was a gross disparity and inequality in bargaining power at the time the subcontracts were made that Yates is now attempting to use to its advantage." (Doc. # 50, at 5.) Sanders does not concede that

the contract is governed by Mississippi law but neither does it argue that Alabama's law governs the making of the arbitration provision at issue. Nor does Sanders attempt to define unconscionability or to proffer evidence supporting its argument that the arbitration clause is unconscionable. Sanders's bald argument is insufficient to show unconscionability under either Mississippi or Alabama law.[2]

### C.  *Remaining Defenses Are Not Questions of Arbitrability*

To the extent that Sanders argues that the subcontracts as a whole are unconscionable, the court has already found that this issue is left to an arbitrator. *See John B. Goodman Ltd. P'ship*, 321 F.3d at 1095.

In further opposition to Yates's petition for an order of arbitration, Ard and Sanders argue that Yates waived its right to arbitration, that Yates's claims are barred by the statute of limitations, and that warranties under the subcontracts have expired. These potential defenses to Yates's claims, however, are not questions of arbitrability for the court to decide.

It is presumed that arbitrators should decide "procedural questions which grow out of the dispute and bear on its final disposition" as well as "allegations of waiver, delay, or a like defense to arbitrability." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (internal quotation marks and citations omitted); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1109

---

[2]  In Alabama, there are two essential elements of unconscionability: "(1) terms that are grossly favorable to a party that has (2) overwhelming bargaining power." *American Gen. Fin., Inc. v. Branch*, 793 So. 2d 738, 748 (Ala. 2000). Mississippi considers "lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms" for procedural unconscionability and "oppressive" terms for substantive unconscionability. *Vicksburg Partners, L.P. v. Stephens*, 911 So. 2d 507, 517 (Miss. 2005). Under either state's standards, there is no basis for finding that the arbitration provision is substantively or procedurally unconscionable.

(11th Cir. 2004) ("Arbitrators . . . are empowered, absent an agreement to the contrary, to resolve disputes over whether a particular claim may be successfully litigated anywhere at all (due to concerns such as *statute of limitations*, laches, justiciability, etc.), or has any substantive merit whatsoever." (emphasis added)). Therefore, the court is without power to address the merit of Ard's and Sanders's defenses.

The court concludes that arbitration clause is valid and enforceable. Therefore, Yates's petition to compel arbitration is due to be granted.

### D.     *Ard's Third-Party Complaint Against CCS*

Ard filed a third party complaint against CCS alleging that CCS has a duty to indemnify and defend Ard for any disputes arising from the subcontract between them. CCS answered the third party complaint and filed an amended answer. In its amended answer, CCS asserts an "affirmative defense" that it is "not subject to arbitration." (Doc. # 36.) Ard has not alleged nor otherwise shown that it has made a demand for arbitration on CCS. CCS has not filed any briefing with the court. Although CCS may very well be subject to arbitration in light of the language contained in the subcontract between Ard and CCS, the court has no authority at this point to order CCS to arbitrate.

Therefore, while Yates, Ard, and Sanders are ordered to arbitration, pursuant to Yates's request the court will stay the action pending resolution of the arbitration as is required by § 3 of the FAA.

### V.  CONCLUSION

Accordingly, it is ORDERED that:

1.     Yates's Petition to Compel Arbitration (Doc. # 10) is GRANTED;

2.     The parties shall proceed to arbitration in accordance with the terms of the

        agreement;

3.      The remaining motions (Docs. # 58 & # 60 ) are DENIED as MOOT;

4.      This action is STAYED pending arbitration;

5.      The plaintiff shall file a jointly prepared report regarding the status of the arbitration proceedings **on or before July 1, 2008**, and every ninety (90) days thereafter, until this matter has been resolved.

DONE this 7th day of April, 2008.

                                      /s/   W.  Keith Watkins
                                UNITED STATES DISTRICT JUDGE